UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FINANCIAL SERVICES VEHICLE TRUST, by and through its servicer, BMW FINANCIAL SERVICES NA, LLC,

                      Plaintiff,

-against-

ESMERALDA OSMANAJ; and AMANDA AHMED SULTAN,

                      Defendants.

Civil Action No.:

**COMPLAINT**

---

Plaintiff FINANCIAL SERVICES VEHICLE TRUST ("Plaintiff"), by and through its servicer, BMW FINANCIAL SERVICES NA, LLC (hereinafter "BMW FS"), a Delaware Limited Liability Company, by its attorneys, Biedermann Hoenig Semprevivo, A Professional Corporation, as and for its Complaint against Defendants Esmeralda Osmanaj and Amanda Ahmed Sultan, alleges as follows:

## GENERAL ALLEGATIONS

1. At all relevant times hereinafter mentioned, Plaintiff was and is a business trust duly organized and existing under and by virtue of the laws of the State of Delaware, and an entity authorized to do business in the State of New York.

2. At all relevant times hereinafter mentioned, BMW FS, was and is a limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware, and an entity authorized to conduct business in the State of New York.

3. BMW FS is authorized to bring this action on behalf of Plaintiff as its servicer.

4. At all relevant times hereinafter mentioned, defendant ESMERALDA OSMANAJ ("Defendant Osmanaj") was and is a resident of the State of New York.

5. At all relevant times hereinafter mentioned, Defendant Osmanaj was and, upon information and belief, is residing at 980 66th Street, Apartment 2R, Brooklyn, New York 11219 and/or at 228 Netherland Avenue, Staten Island, New York 10303-2211.

6. At all relevant times hereinafter mentioned, defendant AMANDA AHMED SULTAN ("Defendant Sultan") was and is a resident of the State of New York.

7. At all relevant ties hereinafter mentioned, Defendant Sultan was and is residing at 283 Quintard Street, Staten Island, New York 10305.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that the action arises under 49 U.S.C. § 32701 *et seq*. This Court may exercise supplemental jurisdiction over the remaining causes of action set forth in the Complaint pursuant to 28 U.S.C. § 1367.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) because: (1) Defendants reside in this District; and (2) and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**The 2020 BMW M8 Convertible Vehicle**

10. On or about July 11, 2020, Defendants executed and delivered to Open Road BMW of Edison ("Dealer"), for valuable consideration, a written Motor Vehicle Lease Agreement ("Lease Agreement"), for the use of certain personal property described as a 2020 BMW M8 Convertible with Vehicle Identification Number WBSDZ0C01LBM09466 (the "Subject Vehicle"). A copy of the Lease Agreement is attached hereto as **Exhibit "1"** and incorporated by reference herein.

11. Defendants took possession of the Subject Vehicle at the time of execution of the Lease Agreement on or about July 11, 2020.

12. Pursuant to the Lease Agreement, Defendants agreed to make thirty-six (36) monthly base payments in the amount of $1,549.00, plus applicable fees and taxes, commencing on July 11, 2020, up until the maturity date of July 11, 2023. *See* Exhibit "1".

13. Paragraph 11 of the Lease Agreement sets forth a penalty for excess wear, whereby, at lease end, Defendants are charged for mileage in excess of 30,000 miles (approximately 48,280.32 kilometers) at the rate of $0.30 per mile (approximately 1.61 kilometers). *See* Exhibit "1".

14. Paragraph 20 of the Lease Agreement states: "If the Vehicle's odometer becomes inoperative or malfunctions, I agree to notify you and have the odometer repaired within 30 days. I agree not to make any alterations that decrease the Vehicle's value or usefulness or that violate the law." *See* Exhibit "1".

15. After Defendants leased the Subject Vehicle, Plaintiff received the Lease Agreement by assignment from the Dealer, and pursuant to the terms of the Lease Agreement, Plaintiff registered the Subject Vehicle. Legal ownership interest was then perfected with the New York State Department of Motor Vehicles. A copy of the title is attached hereto as **Exhibit "2"** and incorporated by reference herein.

16. BMW FS is authorized to bring this action on behalf of Plaintiff, pursuant to the terms of a separate servicing agreement and power of attorney. *See* Exhibit "1" ¶¶ 2, 36, and 42.

17. Upon information and belief, on October 14, 2021, Defendants brought the Subject Vehicle to an authorized dealer to have the Subject Vehicle serviced, at which time the dealer discovered evidence the Subject Vehicle's mileage had been manipulated and informed Defendants accordingly.

18. Defendants' most recent lease payment on the Subject Vehicle was made on January 5, 2022, after which time Defendants failed to make further lease payments in violation of the Lease Agreement. *See* Exhibit "1" ¶¶ 6, 23, and 24. A copy of Defendants' transaction statement which was sent at defendant Osmanaj's request, is attached hereto as **Exhibit "3"** and incorporated by reference herein.

19. On or about June 29, 2022, BMW FS repossessed the vehicle at Defendants' request and pursuant to its rights under the Lease Agreement. *See* Exhibit "1" ¶ 24.

20. On the date the Subject Vehicle was repossessed, it bore an odometer reading of 20,094 kilometers (approximately 12,485.83 miles).

21. On a date between June 29, 2022 and July 20, 2022, an authorized BMW FS technician inspected the Subject Vehicle and discovered extensive evidence of odometer tampering.

22. As a result of the odometer tampering, Plaintiff is unable to accurately ascertain the true mileage of the Subject Vehicle.

23. The inspection of the Subject Vehicle revealed, among other things, (i) a mileage blocking device, which, when activated, caused the Subject Vehicle's speedometer to register a reading of 0 miles per hour even while being driven;(ii) evidence that the instrument cluster had been opened; (iii) key read data from the Subject Vehicle's internal computer recording higher mileage on May 12, 2021 (21,429 kilometers or 13,315.36 miles), September 2, 2021 (24,329 kilometers or 15,117.34 miles), and October 6, 2021 (26,871 kilometers or approximately 16,696.87 miles) than the 20,094 kilometer (12,485.83 mile) reading on the Subject Vehicle's odometer when it was repossessed on June 29, 2022; and, (iv) abnormalities with vehicle

4

maintenance (including oil and brake changes) inconsistent with the documented mileage, usage and wear.

24. Because Plaintiff is now aware of odometer tampering and cannot accurately represent the true mileage of the Subject Vehicle to any prospective buyer, under Federal and State Law, Plaintiff must now sell the Subject Vehicle as *"true mileage unknown"* or *"TMU"*, which significantly depreciates the value of the Subject Vehicle in a sum uncertain that cannot be determined until sold.

25. Upon information and belief, Defendants directly or indirectly caused or caused to occur or knew of the odometer tampering prior to initiating the voluntary repossession, in violation of Federal and State Law and Paragraphs 19, 20 and 24 of the Lease Agreement.

26. Upon information and belief, Defendants utilized the vehicle, or allowed it to be utilized, in violation of Paragraphs 19, 20 and 24 of the Lease Agreement.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

27. Plaintiff repeats and realleges each allegation in Paragraphs 1 through 26, as if the same were set forth at length herein.

28. Upon information and belief, Defendants directly or indirectly caused odometer tampering prior to repossession of the Subject Vehicle to avoid paying Plaintiff excess mileage fees owed in accordance with the Lease Agreement, in a sum to be determined at trial according to proof.

29. Upon information and belief, Defendants directly or indirectly caused odometer tampering prior to repossession of the Subject Vehicle, causing significant depreciation to the residual value of the Subject Vehicle, in a sum to be determined at trial according to proof.

30. Upon information and belief, Defendants knew, or should have known, of odometer tampering prior to repossession of the Subject Vehicle but failed to notify Plaintiff and failed to have the odometer repaired.

31. By the above listed actions, Defendants breached the Lease Agreement.

32. Plaintiff has duly performed all of its obligations under the Lease Agreement.

33. As a direct and proximate cause of Defendants' breach of the Lease Agreement, Plaintiff has been damaged in an amount to be determined at trial.

34. Paragraph 24 of the Lease Agreement contains provisions entitled "Default and Remedies" that establish that Defendants' failure to keep their promises under the Lease Agreement constitutes a default which permits BMW FS to, *inter alia*, (1) terminate the lease and Defendants' rights to possess the vehicle; (2) repossess the vehicle; (3) pursue any other remedy permitted by law; (4) require that Defendants pay all past due monthly payments, taxes and fees, the amount by which the Adjusted Lease Balance exceeds the Realized Value of the Vehicle, and all expenses for taking the actions described above. *See* Exhibit "1".

35. By the terms of the Lease Agreement, Defendants also agreed to pay reasonable attorneys' fees, plus court costs, incurred in collecting the amount due and payable under the Lease Agreement. *See* Exhibit "1".

36. Plaintiff has retained the law offices of Biedermann Hoenig Semprevivo, A Professional Corporation, licensed and practicing attorneys in the State of New York, for the purposes of instituting and prosecuting this action and, therefore, is entitled to recover reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Fraud)

37. Plaintiff repeats and realleges each allegation in Paragraphs 1 through 36, as if the same were set forth at length herein.

38. Upon information and belief, Defendants allowed the Subject Vehicle to be repossessed by Plaintiff with the knowledge that the odometer reading was inaccurate due to odometer tampering.

39. Upon information and belief, Defendants intentionally withheld such information from Plaintiff as to the Subject Vehicle's true odometer reading in order to avoid paying Plaintiff excess mileage fees owed in accordance with the Lease Agreement.

40. Plaintiff reasonably and justifiably relied on Defendants' misrepresentations and / or material omissions as to the true mileage of the Subject Vehicle and their intention to adhere to the terms of the Lease Agreement.

41. As a result, Plaintiff has been damaged in a sum uncertain and yet to be determined according to proof, because the Subject Vehicle now has to be sold as *"true mileage unknown"*, which significantly depreciates the value of the Subject Vehicle, and because Plaintiff was deprived of excess mileage fees owed by Defendants pursuant to the Lease Agreement.

42. In addition, Defendant has already been forced to prevent a sale of the Subject Vehicle due to the discovery of the odometer tampering.

## THIRD CAUSE OF ACTION
### (Trespass to Chattels)

43. Plaintiff repeats and realleges each allegation in Paragraphs 1 through 42, as if the same were set forth at length herein.

44. As stated above, on or about July 11, 2020, Defendants entered into the Lease Agreement for the use of the Subject Vehicle. *See* Exhibit "1".

45. Upon information and belief, Defendants knowingly and intentionally caused physical interference, dispossession, and or intermeddled with the use and enjoyment of Plaintiff's property.

46. Upon information and belief, Defendants, without justification or consent, caused physical interference, dispossession and or intermeddled with the use and enjoyment of Plaintiff's property.

47. Upon information and belief, Defendants knew that such physical interference, dispossession and intermeddling of Plaintiff's property would result in harm to Plaintiff's property.

48. As a result of the damage to the Subject Vehicle, Plaintiff has been damaged in a sum uncertain and yet to be determined according to proof, because the Subject Vehicle will have to be sold as "*true mileage unknown*", which significantly depreciates the value of the Subject Vehicle, and because Plaintiff was deprived of excess mileage fees owed by Defendants pursuant to the Lease Agreement.

## FOURTH CAUSE OF ACTION
### (Federal Odometer Act)

49. Plaintiff repeats and realleges each allegation in Paragraphs 1 through 48, as if the same were set forth at length herein.

50. Defendants violated the Federal Odometer Act, 49 U.S.C. § 32703, with respect to the Subject Vehicle by altering or causing to be altered its odometer with the intent to change the number of miles indicated thereon.

51. Defendants, transferors under the Federal Odometer Act, further violated 49 U.S.C. § 32705 by failing to provide disclosures to Plaintiff, the transferee, at the time of the repossession of the Subject Vehicle.

52. Defendants violated the Federal Odometer Act, 49 U.S.C. § 32703, with the intent to defraud.

53. As a result of the above violations of the Federal Odometer Act, pursuant to 49 U.S.C. § 32710, Defendants are liable to the Plaintiff in the sum of three times its actual damages, or $10,000, whichever is greater, along with reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants ESMERALDA OSMANAJ and AMANDA AHMED SULTAN, on the First, Second, Third, and Fourth Causes of Action in a sum to be determined constituting the economic harm sustained as a result of Defendants' conduct; together with treble damages, the interest, costs, and disbursements of this action, and such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: New York, New York
December 8, 2022

                                         BIEDERMANN HOENIG SEMPREVIVO,
                                         A Professional Corporation

By: _____
                                         STEVEN ANDREACCHI
                                         One Grand Central Place
                                         60 East 42nd Street, 36th Floor
                                         New York, New York 10165
                                         Tel: (646) 218-7560
                                         Email: steven.andreacchi@lawbhs.com

                                         *Attorneys for Plaintiff*