UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FINANCIAL SERVICES VEHICLE TRUST,

                Plaintiff,

     -against-

ESMERALDA OSMANAJ, *et al.*,

                Defendants.
------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
22 CV 7491 (RPK) (CLP)

**POLLAK**, United States Magistrate Judge:

      On December 9, 2022, plaintiff Financial Services Vehicle Trust, by and through its servicer, BMW Financial Services NA, LLC, commenced this action against defendants Esmeralda Osmanaj ("Osmanaj") and Amanda Ahmed Sultan ("Sultan"), alleging <u>inter alia</u>, breach of contract and fraud relating to a motor vehicle lease agreement. (ECF No. 1). After the defendants failed to appear or otherwise respond to the Complaint, despite being properly served, plaintiff requested that a Certificate of Default be entered against both defendants. (ECF Nos. 9, 11). On February 16, 2023, the Clerk of Court filed an entry of default against defendant Sultan (ECF No. 10), and against defendant Osmanaj on February 22, 2023. (ECF No. 13). Thereafter, plaintiff filed a motion for default judgment against both defendants on February 23, 2023. (ECF No. 14). On March 6, 2023, defendant Sultan, proceeding *pro se*, filed a motion to vacate the motion for default judgment. (ECF No. 16). Both the motion for default judgment and the motion to vacate have been referred to the undersigned to issue a Report and Recommendation. (Orders, dated Feb. 24, 2023, and Mar. 7, 2023).

      Defendant Sultan claims that she is a victim of identity theft and that she was not the individual who had entered into the lease agreement with plaintiff. (ECF No. 16). In support of her motion to vacate the entry of default, she attached an incident report that she filed with the

1

police on December 9, 2022 after learning about the incident. (ECF No. 16). Additionally, defendant Sultan claims that she heard about this case through an attorney and that she responded to the attorney by sending a letter to 60 East 42nd Street, NY 10165.[1] (Id.) She contends that she did not initially see that she was served documents for this case because her father was the one who received the documents. (Id.) On March 13, 2023, plaintiff filed its opposition to the motion to vacate. (ECF No. 19). Accordingly, the Court scheduled a status conference to discuss the motion to vacate.

On April 6, 2023, plaintiff's counsel and defendant Sultan appeared before the undersigned for a status conference, during which the parties discussing the two pending motions.[2] By Order dated April 9, 2023, the Court directed plaintiff to file a letter by April 13, 2023, informing the Court how plaintiff plans to proceed as to defendant Sultan's motion to vacate in light of her claim that her identity was stolen.[3] (ECF No. 20).

On April 13, 2023, plaintiff filed a letter, informing the Court that plaintiff agrees to withdraw its opposition to defendant Sultan's motion to vacate. (ECF No. 22). Given that plaintiff has withdrawn its opposition, and defendant Sultan has since appeared in the matter, the Court finds grounds to proceed on the merits of the case as to defendant Sultan.

---

[1] Defendant Sultan claims she spoke with an attorney name John Bronzo. Mr. Bronzo is not the attorney of record in this action, but he presumably is an attorney at the same firm as plaintiff's counsel (Biedermann Hoenig Semprevivo, PC), as the address she mailed her letter to matches Biedermann Hoenig's.
[2] Defendant Osmanaj did not appear.
[3] The Court informed the parties that should plaintiff continue to oppose the motion to vacate, then the undersigned would proceed with deciding the motion. However, if plaintiff chooses to withdraw its opposition to the motion to vacate, then the Court would schedule another conference to discuss defendant Sultan's deadline to file an Answer or otherwise respond to the Complaint.

Accordingly, the Court respectfully recommends that defendant Sultan's motion to vacate the entry of default as to defendant Sultan (ECF No. 10) be granted and that plaintiff's motion for default judgment (ECF No. 14) apply only to defendant Osmanaj.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.  Plaintiff is to serve a copy of this Report and Recommendation on both defendants and file proof of service on the docket immediately.

**SO ORDERED.**

Dated: Brooklyn, New York
April 17, 2023

/s/ Cheryl L. Pollak
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York