UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FINANCIAL SERVICES VEHICLE TRUST,

                    Plaintiff,

      -against-

ESMERALDA OSMANAJ, *et al.*,

                    Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
22 CV 7491 (RPK) (CLP)

**POLLAK**, United States Magistrate Judge:

On December 9, 2022, plaintiff Financial Services Vehicle Trust, by and through its servicer, BMW Financial Services NA, LLC, commenced this action against defendants Esmeralda Osmanaj ("Osmanaj") and Amanda Ahmed Sultan ("Sultan"), alleging inter alia, breach of contract and fraud relating to a motor vehicle lease agreement. (ECF No. 1).

Currently pending before the Court, on referral from the district court, is plaintiff's Motion for Default Judgment against defendant Osmanaj. (ECF No. 14). For the reasons set forth below, the Court respectfully recommends that plaintiff's Motion for Default Judgment be denied without prejudice at this time.

## PROCEDURAL BACKGROUND

When both defendants failed to appear or otherwise respond to the Complaint, plaintiff requested that a Certificate of Default be entered against both defendants. (ECF Nos. 9, 11). On February 6, 2023, the Clerk of Court filed an entry of default against defendant Sultan (ECF No. 10), and against defendant Osmanaj on February 22, 2023. (ECF No. 13). Thereafter, on February 23, 2023, plaintiff filed the pending Motion for Default Judgment against both defendants, which the district court referred to the undersigned to issue a Report and Recommendation. (ECF No. 14; Order, dated Feb. 24, 2023).

1

However, on March 6, 2023, defendant Sultan, proceeding *pro se*, first appeared in the action by filing a motion to vacate the Motion for Default Judgment. (ECF No. 16). On April 17, 2023, the undersigned issued a Report and Recommendation, recommending that the entry of default as to defendant Sultan (ECF No. 10) be vacated and that plaintiff's Motion for Default Judgment (ECF No. 14) apply only to defendant Osmanaj. (ECF No. 23). On May 11, 2023, the district court adopted the Report and Recommendation in full.

Defendant Sultan has since filed an Answer to the Complaint, in addition to crossclaims against co-defendant Osmanaj and a counterclaim against plaintiff, along with a certificate of service stating that she has served these pleadings on both plaintiff and defendant Osmanaj. (ECF Nos. 30-31). Neither defendant Osmanaj nor plaintiff have yet responded to defendant Sultan's claims, and a status conference is currently scheduled for September 13, 2023 before the undersigned. (ECF No. 29).

## DISCUSSION

A. Legal Standard: Default Judgment

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. See id.; see also Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. See Fed. R. Civ. P. 55(c).

2

The Second Circuit has cautioned that since a default judgment is an extreme remedy, it "must remain a weapon of last, rather than first, resort." See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96.

B. Procedural Requirements for Default Judgment

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." Bhagwat v. Queens Carpet Mall, Inc., No. 14 CV 5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017); see also Morales v. Los Cafetales Rest. Corp., No. 21 CV 1868, 2023 WL 375647, at *3 (E.D.N.Y. Jan. 3, 2023) (quoting Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008) for the proposition that "'[l]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution'"), report and recommendation adopted, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023). Pursuant to Local Civil Rule 55.2(b), a movant's motion for default judgment must append "(1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Here, plaintiff has partially complied with Local Civil Rule 55.2(b) by attaching to it motion a copy of the Complaint (ECF No. 15-1) and the Certificate of Default (ECF No. 15-2). Plaintiff has not, however, filed a proposed form of default judgment.

"As harsh at it may seem," courts in this district "have repeatedly" denied motions for default judgment based on a movant's failure to adhere to Local Civil Rule 55.2(b). Lugo v.

3

Allstate Ins. Co., No. 19 CV 7150, 2022 WL 3928727, at *5 (E.D.N.Y. Aug. 10, 2022) (recommending plaintiff's motion for default judgment be denied where "notably absent from Plaintiff's motion [was] the Clerk's certificate of default, a copy of the Complaint, and a proposed form of default judgment"), report and recommendation adopted, 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022).  Thus, plaintiff's failure to adhere to Local Civil Rule 55.2(b) weighs in favor of denying the Motion for Default Judgment.

Even if plaintiff had complied with the procedural requirements of Rule 55, plaintiff failed to comply with Local Rule 7.1(a) of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York, which requires that dispositive motions must include:

> (1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;
>
> (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and
>
> (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Here, plaintiff has not filed a memorandum of law, and the only supporting document filed is an affirmation from plaintiff's counsel, Steven A. Andreacchi, Esq. (ECF No. 15). Courts in this Circuit have held that a moving party's failure to attach a memorandum of law and other supporting documents in accordance with Local Rule 7.1 is sufficient grounds to deny a motion.  Avillan v. Donahoe, No. 13 CV 509, 2015 WL 728169, at *6–7 (S.D.N.Y. Feb. 19, 2015) (explaining that the "'failure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion,'" and considering a motion for summary judgment

4

unopposed where the nonmoving party submitted only an affidavit in opposition rather than a memorandum of law) (quoting Wenzhou Wanli Food Co., Ltd. v. Hop Chong Trading Co., No. 98 CV 5045, 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000)); Morales v. Los Cafetales Restaurant Corp., 2023 WL 375647, at *3-4 (denying plaintiff's motion for default judgment without prejudice due, in part, to plaintiff's failure to submit a memorandum of law in compliance with Local Civil Rule 7.1), report and recommendation adopted, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023).

While the Court has the discretion to overlook plaintiff's failure to include a separate memorandum of law, see Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) (holding that "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules"), abrogated on other grounds, Gross v. FBL Fin. Servs., 557 U.S. 167 (2009), plaintiff has also not provided any "[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion." Local Rule 7.1(a)(2) and (3); see also Morales v. Los Cafetales Restaurant Corp., 2023 WL 375647, at *3 (stating that "[a]though courts are not required to deny a motion for failure to comply with Local Rule 7.1, this procedural violation may warrant a denial, especially when accompanied by other shortcomings"). Indeed, counsel's affirmation contains no factual or legal arguments or information that would help the Court decide plaintiff's motion, including the amount of damages to be awarded.

Although in its Complaint plaintiff requests judgment against both defendants for "a sum to be determined constituting the economic harm sustained as a result of [their] conduct; together with treble damages, the interest, costs, and disbursement of this action" (ECF No. 1 at 9), plaintiff does not specify anywhere in its Motion for Default Judgment the amount of damages

5

sought. While the defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability, Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012), "'the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.'" Parris v. Pappas, 844 F. Supp. 2d 271, 274 (D. Conn. 2012) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). It is plaintiff's burden to prove damages and establish their entitlement to recovery. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

In the absence of a Memorandum of Law and supporting factual affidavits from someone with knowledge from Financial Services Vehicle Trust, explaining the basis for a determination of liability for defendant's breach of contract, fraud, trespass to chattel, and Federal Odometer Act claims, and providing a basis for assessing damages and interest, the Court finds it impossible to determine if plaintiff has carried its burden on this Motion for Default Judgment. Therefore, the Court respectfully recommends that plaintiff's Motion for Default Judgment be denied without prejudice, but that plaintiff be given an opportunity to re-file its motion with the proper supporting papers, including a Memorandum of Law and declarations from persons with knowledge to substantiate plaintiff's claims for damages.

C. Risk of Inconsistent Judgment

As noted, the pending motion for default judgment currently seeks default judgment against only defendant Osmanaj, with the litigation continuing against defendant Sultan. Under these circumstances, the Court must consider whether entering a default judgment against only one of the defendants would be premature. Bleecker v. Zetian Sys., Inc., No. 12 CV 2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013).

Before entering a final judgment as to some of the parties in an action but not all, the

Court must "expressly" determine that there is no reason to delay judgment against those parties. Fed. R. Civ. P. 54(b). There are no "fixed criteria" guiding the application of this rule. Mitchell v. Lyons Pro. Servs., Inc., 727 F. Supp. 2d 116, 119 (E.D.N.Y. 2010) (citing Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980)). Rather, "[t]he decision of whether to enter a final judgment against some but fewer than all of the parties in an action is left to the sound discretion of the district court." Abbott Lab'ys v. Adelphia Supply USA, No. 15 CV 5826, 2020 WL 7643213, at *2 (E.D.N.Y. Dec. 23, 2020) (citing Bleecker v. Zetian Sys., Inc., 2013 WL 5951162, at *6).

Courts in this Circuit have "consistently delayed" rendering default judgments "even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with inconsistent damage determinations." Unitrans Colsol., Inc. v. Classic Closeouts, LLC, 09 CV 2098, 2010 WL 1265206, at *1 (E.D.N.Y. Mar. 31, 2010) (internal quotation marks and citations omitted); Mitchell v. Lyons Pro. Servs., Inc., 727 F. Supp. 2d at 119 (citing Frow v. De La Vega, 82 U.S. 552 (1872)); see also Lemache v. Tunnel Taxi Mgmt., LLC, 354 F. Supp. 3d 149, 152-54 (E.D.N.Y. 2019); Abbott Lab'ys v. Adelphia Supply USA, 2020 WL 7643213, at *3 (quoting Harvey v. Home Savers Consulting Corp., No. 07 CV 2645, 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008)) (collecting cases).

Here, plaintiff alleges that both defendants are parties to the motor vehicle lease agreement that is the subject of plaintiff's various claims. (See ECF No. 1). In its pleadings, plaintiff has not made clear what the requested judgment would even be for each defendant and whether the requested judgment would vary between the defendants. Since there is a chance that "a unitary damages figure is sought against defaulting and non-defaulting defendants alike, there is a risk that logically inconsistent awards [could] be entered." Abbott Lab'ys v. Adelphia

Supply USA, 2020 WL 7643213, at *4.  Indeed, to calculate damages multiple times, first as to defendant Osmanaj, then again at the completion of the case would be "both inefficient and potentially lead[s] to . . . awards . . . that are at odds." Lemache v. Tunnel Taxi Mgmt., LLC, 354 F. Supp. 3d at 154.  Such a risk of inconsistent awards is further heightened here, where defendant Osmanaj has alleged crossclaims against defendant Osmanaj and a counterclaim against plaintiff.

Accordingly, the Court respectfully recommends that even if plaintiff re-files its motion for default judgment against defendant Osmanaj and supplements its papers as discussed herein, the court should refrain from entering a default judgment at this time in order to avoid an inconsistent verdict.

## CONCLUSION

Thus, the Court respectfully recommends that plaintiff's Motion for Default Judgment be denied without prejudice and with leave to refile once plaintiff's claims against defendant Sultan are resolved.

Plaintiff is directed to serve a copy of this Report and Recommendation on both defendants and file proof of service on the docket immediately.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: August 15, 2023
       Brooklyn, New York

                                           /s/ Cheryl L. Pollak
                                           CHERYL L. POLLAK
                                           United States Magistrate Judge
                                           Eastern District of New York